835 So.2d 1261 (2003)
Marilyn M. MASTERMAN, Appellant,
v.
Gary G. MASTERMAN, Appellee.
No. 2D01-5301.
District Court of Appeal of Florida, Second District.
January 31, 2003.
Gregg M. Horowitz, Sarasota, for Appellant.
No appearance for Appellee.
CASANUEVA, Judge.
In this postdissolution matter, Marilyn M. Masterman (the former wife) appeals from an order denying her motion to enforce a settlement agreement that was incorporated into her 1979 Massachusetts divorce judgment. In her motion the former wife alleged that Gary G. Masterman (the former husband) had failed to abide by the terms of their agreement. Specifically, he allowed a life insurance policy that named the former wife as beneficiary of a $25,000 lump-sum death benefit to lapse. After a hearing, the circuit court denied the former wife's motion on the ground that the former husband is now uninsurable and therefore is incapable of retaining similar or equal insurance coverage. With reluctance, we affirm.
The former wife alleged in her affidavit in support of the motion to enforce the settlement agreement that the former husband's failure to maintain payments on the policy was deliberate. Because the hearing was not transcribed and because the husband has not made an appearance in this appeal, we cannot evaluate the veracity of that statement, which the circuit court did not address in its order. Nevertheless, it makes no difference to our analysis whether or not the husband's failure was deliberate.
Our decision to affirm is based upon the language of the stipulation incorporated into the parties' divorce decree. The clause relating to life insurance appears as a wholly separate term of their contract and expresses no purpose "to protect an award of alimony" as contemplated by section 61.08(3), Florida Statutes (2001). Accordingly, the trial court had no power to enforce compliance with that clause by use of its contempt powers.
Because the record in this case is limited, we cannot discern whether or not the former wife might have a viable action for breach of contract against the former husband. Therefore, our affirmance in this case is without prejudice to her right, if any, to bring such an action when and if all of its elements accrue.
Affirmed.
NORTHCUTT, J., and DANAHY, PAUL W., Senior Judge, Concur.